SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLIN EBRAHIM-AMRODAGA,<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>Defendant. | Case No. 5:21-cv-04319<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes CAROLIN EBRAHIM-AMRODAGA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CAVALRY PORTFOLIO SERVICES, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of California.

### PARTIES

4.  Plaintiff is a consumer over 18 years of age residing in San Jose, California, which is located within the Northern District of California.

5.  Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.  Defendant is a third party debt collector holding itself out as "a leader in the acquisition and management of non-performing consumer loan portfolios."[1] Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 500 Summit Lake Drive, Suite 400, Valhalla, New York. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of California.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://www.cavalryportfolioservices.com/about

9. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff's mother-in-law.

10. Upon information and belief, the subject debt stems from Plaintiff's mother-in-law's purportedly past due payments in connection with a Citibank credit card Plaintiff's mother-in-law used for her personal purposes.

11. In approximately the spring of 2021, Plaintiff began receiving collection calls from Defendant to her cellular phone, (408) XXX-5811, attempting to collect upon the subject debt.

12. Defendant has primarily used the phone number (800) 861-4840 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

13. Upon information and belief, Defendant regularly uses the above referenced phone number ending in 4840 when attempting to collect debts from consumers.

14. Upon speaking with Defendant, Plaintiff was advised that Defendants was calling to collect upon the subject debt.

15. Plaintiff was confused as to why she was getting phone calls in regards to her mother-in-law's debt, as the two do not reside together and Plaintiff had absolutely no connection to the subject debt.

16. As a result, Plaintiff informed Defendant that she was not her mother-in-law, that Defendant should contact her mother-in-law, and further demanded that Defendant stop calling her cellular phone regarding the subject debt.

17. Rather than listen to Plaintiff's information, Defendant instead attempted to collect the subject debt directly from Plaintiff.

18. Additionally, Defendant continued placing calls to Plaintiff's cellular phone seeking to collect upon the subject debt despite Plaintiff's clear demands such phone calls stop and despite knowing that Plaintiff had no connection to the subject debt.

19. As a result of the continued calls, Plaintiff again spoke with Defendant and reiterated her demands that the phone calls cease as Defendant was calling the wrong person regarding the subject debt.

20. In response, Defendant stated it would remove Plaintiff's cellular phone number and that they would not bother her any more.

21. However, the very next day, Defendant again contacted Plaintiff's cellular phone, continuing to place such calls and leave voicemail messages stating they were from a debt collector and that Plaintiff needed to contact Defendant.

22. As such, Defendant placed numerous phone calls to Plaintiff's cellular phone seeking collection of the subject debt, despite Plaintiff's demands that such calls cease and despite the fact that Defendant knew Plaintiff had no connection to the subject debt.

23. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls in connection with a debt she did not owe, emotional distress, and numerous violations of her state and federally protected interests to be free from harassing and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692b & c(b)

31. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

32. Furthermore, §1692b(2) prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer" from stating that "such consumer owes any debt." Likewise, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

33. Defendant violated §§ 1692b, b(2), b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for her mother-in-law and disclosing to Plaintiff that her mother-in-law owed a debt. Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling. Plaintiff also notified Defendant that her mother-in-law could not be reached at Plaintiff's number. Defendant thus had enough knowledge

that the number it was calling did not belong to the purported debtor. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone repeatedly without her consent, including leaving voicemail messages, knowing she was not the individual obligated to pay the subject debt.

### b. Violations of FDCPA § 1692c(a)(1) and § 1692d

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §1692c(a)(1), d, and d(5) when it kept calling Plaintiff after it had knowledge that Plaintiff was not the debtor and had told Defendant to stop calling. Defendant promised to remove Plaintiff's number from call list and promised not to bother her again. Yet, Defendant called Plaintiff multiple times after such promise not to call and left voicemails. This repeated behavior of systematically calling Plaintiff's phone for a debt she did not owe despite her demands to stop and despite the information available is harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

### c. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt."
> 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §§ 1692e and e(10) when it promised Plaintiff to remove her number but in fact continued to call Plaintiff to collect on a debt which Plaintiff did not owe.

39. Defendant further violated §§ 1692e, e(2)(A), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant continued calling Plaintiff repeatedly in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt was not hers.

   **d. Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt not owed by Plaintiff by continuously calling Plaintiff after being notified to stop. It is unfair and unconscionable for Defendant to attempt to annoy and harass Plaintiff into getting Plaintiff's mother-in-law to contact Defendant through multiple phone calls to Plaintiff without her permission. These means employed by Defendant only served to worry and confuse Plaintiff.

42. As pled in paragraphs 23 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

   WHEREFORE, Plaintiff, CAROLIN EBRAHIM-AMRODAGA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

45. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

46. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA §§ 1788.10–1788.17**

47. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

48. As outlined above, through its continuous attempts to collect the subject debt from Plaintiff, Defendant violated § 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff.

49. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CAROLIN EBRAHIM-AMRODAGA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: June 7, 2021                    Respectfully submitted,

                                       By: /s/ Alejandro E. Figueroa
                                       SULAIMAN LAW GROUP, LTD.
                                       Alejandro E. Figueroa (State Bar No. 332132)
                                       2500 South Highland Avenue, Suite 200
                                       Lombard, IL 60148
                                       Telephone: (630) 575-8181 x 120
                                       Facsimile: (630) 575-8188
                                       Email: alejandrof@sulaimanlaw.com
                                       *Attorney for Plaintiff*